IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ROQUEMORE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY & FIRE PROTECTION, a California Government Agency; JULIO QUIROZ, an individual; GRATIAN BIDART, an individual; SHELLY MITCHELL, an individual; KEN CRAW, an individual, and STAN MACHADO, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CIV-F-08-1944 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH, TENTH, AND ELEVENTH CLAIMS FOR RELIEF<br><br>Doc. # 22 |

This is an action for discrimination, harassment, retaliation and wrongful termination by plaintiff Jermaine Roquemore ("Plaintiff") against the California Department of Forestry and Fire Protection ("CDF&FP") and individuals Julio Quiroz, Gratian Bidart, Shelly Mitchell, Ken Craw, and Stan Machado (collectively, "Defendants"). In the present motion, Defendants move to dismiss Plaintiff's fourth claim for relief alleging wrongful termination in violation of the Civil Rights Act of 1964, Plaintiff's tenth claim for relief alleging wrongful termination in violation of California Government Code sections 12940, et seq., and Plaintiff's eleventh claim for relief alleging wrongful termination in violation of public policy. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is an African-American male who, at the time relevant to this action, worked seasonally as a firefighter for CDF&FP. The complaint alleges that, from the time of his employment on or about April 16, 2007, Plaintiff was continuously subjected to discriminatory treatment. The discrimination was manifest in the application of disciplinary measures pertaining to Plaintiff, as well as in scheduling, housing and other facets of the work environment. The complaint alleges the discrimination Plaintiff encountered was racially based and continued unabated during the entire time of his employment despite Plaintiff's efforts to draw the attention of managers and supervisors to the problem. The complaint alleges that on or about December 17, 2007, "Defendant Bidart gave Plaintiff a poor performance evaluation, terminated Plaintiff's employment and put Plaintiff on 'no rehire' status." Doc. # 1 at 17-19. The complaint alleges that Plaintiff was "one of the only African-American firefighters in Defendant CDF&FP's entire organization."

For purposes of this motion, it is not disputed that Plaintiff has exhausted administrative remedies applicable to claims under the Civil Rights Act of 1964 and under California Government Code sections 12940, et seq.

Defendants' motion to dismiss Plaintiffs fourth, tenth and eleventh claims for relief was filed on March 19, 2009. Plaintiff filed his opposition on April 3, 2009, and Defendants' reply was filed on April 16, 2009. The hearing on Defendants' motion to dismiss, which was scheduled for May 5, 2009, has been vacated and the matter was taken under submission as of April 16, 2009.

**LEGAL STANDARD**

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[1] and 12(b)(6). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for

---

[1] Hereinafter, "Rule" or "Rules" refers to the Federal Rules of Civil Procedure unless otherwise specified.

lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

     A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

     A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a

3

cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

## DISCUSSION

Plaintiff's complaint is organized primarily around allegations of violation of Title VII of the Federal Civil Rights Act of 1964 (hereinafter, "Title VII"), and under California's Fair Employment and Housing Act ("FEHA"). Under both of these statutes, Plaintiff alleges multiple theories of violation in the alternative. Specifically, the complaint alleges separate claims for racial discrimination, harassment, retaliation, and wrongful termination under both Title VII and FEHA. In addition, the complaint alleges a single claim for racial discrimination pursuant to the federal Civil Rights Act of 1866, and a single tort claim for relief for wrongful termination in violation of public policy. The claims Defendants seek to dismiss – the fourth, tenth and eleventh claims for relief – each allege wrongful termination. The fourth claim for relief alleges wrongful termination under Title VII, 42 U.S.C. § 2000e, and the tenth claim for relief alleges wrongful termination in violation of FEHA, California Government Code § 12940, et seq. Plaintiff's eleventh claim for relief alleges wrongful termination in violation of public policy.

Defendants contend, and Plaintiff concedes, that Defendants are, or are employed by, a state entity and are therefore entitled to the protections afforded by Eleventh Amendment Sovereign Immunity to the extent sovereign immunity might apply in this case. It is elementary that, under the Eleventh Amendment, a state or its subdivisions may not be sued except that the

4

state consents to be sued. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996). Defendants also contend, and Plaintiff concedes, that a claim for wrongful termination alleged without reference to any statutory authority is a common law tort claim for relief . <u>Temeny v. Atlantic Richfield Co.</u>, 27 Cal.3d 167 (1980).

With regard to Plaintiff's eleventh claim for relief, Defendants allege, and Plaintiff appears to concede, that the claim is a tort claim under California common law and that there is no allegation that the administrative procedures required by the California Tort Claims Act were satisfied. Plaintiff concedes that his eleventh claim for relief may not be maintained against Defendants because there is no allegation of compliance with California's Tort Claims Act.

Plaintiff's opposition to Defendants' motion to dismiss focuses on Defendants' motions to dismiss Plaintiff's fourth and tenth claims for relief. As the court understands it, the crux of Defendants' motions for dismissal of Plaintiff's two remaining claims for wrongful termination – claims four and ten – is that the claims are common law claims that may not be maintained against Defendants. Defendants' reasoning appears to be that, because case law recognizes a common law basis for a claim of wrongful termination, any claim for wrongful termination whether alleged pursuant to the civil Rights Act or pursuant to FEHA, is a common law claim that may not be maintained against a state actor.

Notwithstanding the logical difficulties contained in Defendants implied assertion that all wrongful termination claims are common law claims because there exists a common law basis for such a claim, the court will proceed to examine the two assertions that are implicit in Defnedants' motions to dismiss. First, the court will determine if sovereign immunity applies to claims asserted under either or both of Title VII and/or FEHA and, second, whether a claim for wrongful termination may be asserted under either or both statutory schemes.

With respect to Title VII, it is well established that Title VII was promulgated by congress pursuant to the enforcement powers granted by section 5 of the Fourteenth Amendment. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 450-451 (1976). It is also well established that state

sovereign immunity cannot be a defense against congressional enactments pursuant to Congress's enforcement powers under the Fourteenth Amendment to prevent unlawful discrimination. State sovereign immunity is therefore not a defense to a suit for discrimination under Title VII. Id. at 456; Sosa v. Hiraoka, 920 F.2d 1451, 1461 (9th Cir. 1990) (Fitzpatrick's holding precludes states form immunizing themselves against Title VII suits).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A person is discriminated against when he or she is singled out and treated lass favorably than others similarly situated on account of race. Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir. 1988). Pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792, (1973), a Plaintiff in a Title VII action must show that "(1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subject to an adverse employment action, and (4) similarly situated individuals [not of his protected class] were treated more favorably." Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658 (9th Cir. 2002). Being terminated from one's position "certainly constitutes an adverse employment action." Id. at 660. Based on the recognition of termination as an adverse employment action, district courts of this circuit have recognized that the above list constitutes the elements for a claim of wrongful termination under Title VII where termination is the adverse employment action experienced. See, e.g., Fuller v. Chertoff, 2006 WL 2597938 (W.D. Wash. 2006) at *4.

The court concludes that an action for wrongful termination may be alleged pursuant to Title VII and that sovereign immunity is not a defense to such action. Whether a court has jurisdiction over a wrongful termination claim in a particular instance depends on whether the claim or a claim "sufficiently like or reasonably related to" a wrongful termination claim was part of the EEOC investigation. Sosa, 920 F.2d at 1456-1457. Here, Defendants have not alleged that Plaintiff's claim of wrongful termination is not within the scope of the EEOC investigation.

1  The court will therefore deny Defendants' motion to dismiss Plaintiff's fourth claim for relief.

2  With respect to claims alleged pursuant to FEHA, California courts have noted that the California Legislature's intent in enacting FEHA was to "give public employees the same rights as private employees in the battle against employment discrimination." Williams v. Hausing Auth., City of Los Angeles, 121 Cal.App.4th 708, 720 (2nd Dist. 2004). The Williams court also noted that discrimination cases involve, by their very nature, "several causes of action arising from the same set of facts. A responsible attorney handling an employment discrimination case must plead a variety of statutory, tort and contract causes of action in order to fully protect the interests of his or her client.' Brown v. Superior court, 37 Cal.3d 477, 486 (1984)" Id. at 714 fn2. Thus, the Williams court noted, a plaintiff asserting a claim for wrongful termination could assert; (1) a tort claim for wrongful termination not related to any statutory claim, (2) a hybrid claim for wrongful termination against the public policy set forth in FEHA, and (3) a FEHA claim for wrongful termination. Id. The holding in Williams makes it clear that where, as here, the wrongful termination is alleged pursuant to FEHA, the plaintiff may proceed with his claim upon satisfaction of the administrative exhaustion requirements set forth in California Government Code §§ 12960, 12965(b) notwithstanding the exhaustion requirements of any other tort or administrative procedure. Id. at 382.

The court concludes that FEHA affords a parallel and independent basis upon which a public employee or the state or any subdivision may assert a claim for wrongful termination. The court also finds that sovereign immunity is not a defense to any such claim provided the administrative procedures internal to FEHA are satisfied.

Defendants' motion to dismiss sets forth in summary fashion their legal contentions into four basic propositions that neatly set out the fundamental problem with their motion to dismiss. First, Defendants contend there is no federal common law claim for wrongful termination. Accepting this as true, *arguendo*, it is irrelevant with respect Plaintiff's fourth and tenth claims for relief. Those claims are asserted pursuant to statute, not common law. Next, Defendants

contend CDF&FP is immune from suit under the doctrine of sovereign immunity. As discussed above, this is simply not true with respect to suits pursuant to Title VII and FEHA. Finally, Defendants contend that Plaintiff has not "articulated a legitimate statutory basis for asserting a judicially created tort claim for Wrongful Termination" against CEF&FP under either FEHA or Title VII. Defendants mis-characterize Plaintiff's claim. There is absolutely no basis for understanding "Wrongful Termination" as being solely a judicially created cause of action. As discussed above, wrongful termination is also the description of an adverse employment action whose redressability under either FEHA or Title VII is well established.

Defendants also observe that Plaintiff's claims pursuant to FEHA and Title VII are at least somewhat overlapping and perhaps redundant. This is irrelevant at the pleading stage. As noted above, an attorney may express claims of violation of statutory provisions in alternative language in order to cover all factual possibilities. While harassment, retaliation, and wrongful termination may all describe facets of unlawful discrimination, they are acts that have distinctions in meaning that my apply or not apply in a particular as-yet-to-be-determined set of facts. Defendants have not shown any legal basis for dismissal of claims because they might possibly be redundant under some set of facts.

The court will grant Defendants' motion to dismiss Plaintiff's eleventh claim for relief as unopposed. The court finds that Defendants' motions to dismiss Plaintiff's fourth and tenth claims for relief are without merit and the court will correspondingly deny those motions.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendants' motion to dismiss Plaintiff's eleventh claim for relief for wrongful termination is hereby GRANTED. Plaintiff's eleventh claim for relief is hereby DISMISSED. Defendants' motions to dismiss Plaintiff's fourth and tenth claims for relief is hereby DENIED.

IT IS SO ORDERED.

**Dated: May 13, 2009**               **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE